IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| DELLANEY DIDDELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO. 2:17-cv-142 |
| VS. | * | |
| | * | |
| MIRACLE HOME CARE, INC., | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

COMES NOW the Plaintiff, DELLANEY DIDDELL, who brings this action to recover unpaid wages and overtime compensation and other damages due her under the Fair Labor Standards Act of 1938 as amended, and under Georgia law, and shows the Court as follows, to-wit:

1. Jurisdiction of this action is conferred upon the Court by Section 16(b) of the Fair Labor Standards Act, as well as by 28 USC § 1337.

2. The Defendant, MIRACLE HOME CARE INC., is a Corporation with its principal place of business in Glynn County, Georgia, where the Plaintiff was employed.

3. The Defendant was, at all times mentioned herein, "an enterprise engaged in commerce", as defined in the Fair Labor Standards Act.

4. The Plaintiff is a resident of Camden County, Georgia, who was formerly employed with MIRACLE HOME CAR INC., commencing in January, 2017, the Plaintiff's employment was based in the Southern District of Georgia.

5. During the time that the Plaintiff was employed

by the Defendant, the Plaintiff worked a substantial amount of overtime, for which the Plaintiff has not been compensated.

6. The Plaintiff should have been paid the regular hourly rate for all of such overtime hours, plus an overtime premium of one-half of the hourly rate for each hour worked in excess of forty hours in any given week, since no exemption from the overtime requirements of the FLSA applied to the Plaintiff.

7. The Defendant has failed to pay the Plaintiff overtime compensation as required by law, and has failed and refused to pay the Plaintiff overtime as required by law after receiving the Plaintiff's demand for said payment.

8. Because the Defendant has not acted in good faith, the Plaintiff is entitled to recover as liquidated damages an amount equal to the total amount of unpaid wages and overtime which the Defendant owes the Plaintiff for all weeks during which the Plaintiff worked for the Defendant.

9. It has been necessary for the Plaintiff to have the services of an attorney to institute and prosecute this action against the Defendant, and the Plaintiff has employed the attorney now appearing herein on her behalf. The Plaintiff will be required to expend reasonable attorney's fees for said attorney in the interest of this action, and to expend other costs and expenditures

necessarily incurred, and the Plaintiff has agreed to pay said attorney for his services herein.

10. The Defendant should be required to pay the Plaintiff's reasonable attorney's fees and the other costs, all is authorized by the Fair Labor Standard Act.

11. The Plaintiff also shows that the failure of the Defendant to pay the Plaintiff for all of her hours worked constitutes a breach of contract, and the Plaintiff is entitled to recover for unpaid wages she was entitled to receive, as well as for all accumulated sick leave, vacation pay, and other benefits of employment.

Wherefore, the Plaintiff prays:

A. That the Defendant's agent be served with a summons and copy of this Complaint, requiring the Defendant to answer said Complaint;

B. That the Plaintiff have and recover from the Defendant all unpaid wages and overtime, along with liquidated damages, all as provided by the Fair Labor Standard Act and the laws of the State of Georgia, as well as her reasonable attorney's fees; and

C. For a trial by jury; and

D. For such other and further relief as to the Court may seem just and proper.

_____
W. DOUGLAS ADAMS
ATTORNEY FOR PLAINTIFF

1829 Norwich Street
Post Office Box 857
Brunswick, Georgia 31521-0857
(912) 265-1966